**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30275 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00489-KI |
| v. | |
| GERMAN GONZALEZ-ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

German Gonzalez-Ortiz appeals from the 30-month sentence imposed

following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C.

§ 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzalez-Ortiz contends that the district court committed legal error by failing to provide him with credit under 18 U.S.C. § 3585(b)(1) for time spent in immigration custody prior to being charged with the instant offense. This contention fails because the district court does not have authority to apply section 3585(b) at sentencing. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (Bureau of Prisons "has the responsibility for administering the sentence").

To the extent that Gonzalez-Ortiz contends that the district court imposed an unreasonable sentence when it failed to credit him with time spent in immigration custody prior to being charged with illegal reentry, this contention fails because the record reflects that the district court did not procedurally err at sentencing and that, under the totality of the circumstances, the sentence below the Guidelines range is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**